I concur in that portion of the opinion that affirms the $500,000 award in this case against Perry, but I must point out that I dissented in Pacific Mutual Life Ins. Co. v. Haslip,553 So.2d 537 (Ala. 1989), cert. granted, ___ U.S. ___,110 S.Ct. 1780, 108 L.Ed.2d 782 (1990), and the principle of law raised in this case is the same as that presented in that case. Therefore, if the Supreme Court of the United States reverses this Court's judgment in that case, then the judgment in this case should also be reversed.
The trial judge gave the following instruction on the award of punitive damages:
 "What about punitive damages? Punitive damages are damages in addition to and above and beyond compensatory damages, which seek to punish a wrongdoer. Sometimes we refer to it as exemplary damages. That is, damages to make an example of the wrongdoer. For the purpose of punishing that wrongdoer for the wrong that he has perpetrated. And secondly, to make an example out of him, and to prevent him or other people similarly situated from doing the same sort of wrong in the future. The amount of punitive damages in any case is left to the sound discretion of the jury. If you are to award punitive damages, you determine the amount that is appropriate in this case. In determining the amount though, you can be guided by three things. The enormity of the wrong, the *Page 1021 
culpability of the wrongdoer, and the necessity for preventing similar wrongs by this defendant or other people similarly situated in the future. So again, punitive damages are for the purpose of punishment, and making an example of the wrongdoer, so that he or others in the future will not do the same type of misconduct. And in determining the amount, use your sound discretion, keeping in mind three things. The enormity of the wrong, the culpability of the wrongdoer, and the necessity for preventing similar wrongs by that wrongdoer or others similarly situated in the future.
 "In a case where fraud is alleged, as in this case, punitive damages can be awarded only when the plaintiff has proved, not only the existence of the legal fraud in question, but another step must be proved. Another item must be proved. Not just that the legal fraud occurred. But, to justify punitive damages, the plaintiff must reasonably satisfy you from the evidence which is clear and convincing, that the fraud in question was malicious, oppressive or gross, and committed with the intent to injure the plaintiff. So, before you could award punitive damages, as opposed to compensatory damages, before you could award punitive damages in this case, you would have to be reasonably satisfied from the evidence, and the evidence would have to be clear and convincing on this point. That Richard Perry committed the legal fraud that he is accused of, as I defined that to you. And, you must be reasonably satisfied, and the evidence must be clear and convincing on this, that that fraud was malicious, oppressive or gross, and that it was done with the intent, committed with the intent to injure, financially injure, Lucy Turner. Without such proof, you might be authorized to award compensatory damages in the amount of a thousand dollars, but you would not be authorized to award any punitive damages."
Does the giving of that instruction alone suffice to guarantee to the defendants due process of law? I think not, but I must await, as everyone else must, the decision of the Supreme Court of the United States in Pacific Mutual Life Ins.Co. v. Haslip, supra.
I respectfully dissent from that portion of the opinion that affirms the judgment concerning the liability of Southern Life. I am of the opinion that there was no evidence that Southern Life was aware of, or ratified, Perry's acts or that Perry was acting within the line and scope of his employment. Thus, Southern Life should not be held liable.